UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>ADONTA LASHA GRIGGS and<br>GREGORY QUINN THOMPSON,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CR-118-KAC-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Gregory Quinn Thompson's Motion to Continue Trial and Deadlines [Doc. 25] and Defendant Adonta Lasha Griggs's Unopposed Motion to Continue Trial and All Associated Deadlines [Doc. 26], which were both filed on September 4, 2026.

Defendant Thompson asks the Court to continue the trial and all associated deadlines [Doc. 25 p. 1]. In support, he states he received appointed counsel at his arraignment on August 7, 2026 [*Id.* ¶ 2]. On August 14, 2026, Defendant Thompson states he received initial discovery from the Government, which is voluminous [*Id.* ¶ 3]. Defendant Thompson explains his counsel seeks additional time to explore a possible plea agreement with the Government, and a continuance will permit the parties an opportunity to explore making a resolution of the case [*Id.* ¶¶ 5–6]. Defendant understands his speedy trial rights and that a rescheduled trial date will be fully excludable for speedy trial purposes [*Id.* ¶ 7]. Defendant Thompson states that the Government does not object to his request [*Id.* ¶ 8].

Defendant Griggs also asks the Court to continue the trial and all associated deadlines [Doc. 26 p. 1]. Defendant Griggs received appointed counsel on August 17, 2026 [*Id.* ¶ 3]. Defendant Griggs states that the discovery provided to date is significant and contains video and audio recordings, case reports, and numerous photographs, and a continuance is needed to provide counsel an opportunity to review discovery, investigate, and prepare any pretrial motions [*Id.* ¶ 4]. Defendant contends that for defense counsel to adequately prepare for trial and provide effective assistance of counsel, a continuance is necessary [*Id.* ¶ 5]. Defendant Griggs understands his speedy trial rights and that the time between his motion and the new trial date is excludable [*Id.* ¶ 6]. Defendant Griggs states the Government does not object to the requested continuance [*Id.* ¶ 7].

Based upon the information in Defendants' motions and because the Government does not oppose a continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Specifically, Defendant Thompson's counsel needs additional time to explore a possible plea agreement and attempt to make a full resolution of the case. Defendant Griggs's counsel needs additional time to review discovery, conduct an investigation, and prepare pretrial motions. The Court finds that this cannot occur before the October 13, 2026, trial date.

The Court therefore **GRANTS** Defendant Thompson's Motion to Continue Trial and Deadlines [**Doc. 25**] and **GRANTS** Defendant Griggs's Unopposed Motion to Continue Trial and All Associated Deadlines [**Doc. 26**]. The trial date is reset to **February 9, 2027**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of

justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motions on September 4, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Thompson's Motion to Continue Trial and Deadlines [**Doc. 25**] and Defendant Griggs's Unopposed Motion to Continue Trial and All Associated Deadlines [**Doc. 26**] are **GRANTED**;

(2) the trial date is reset to commence on **February 9, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motions on **September 4, 2026**, and the new trial date of **February 9, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is on or before **October 19, 2026**, and responses to pretrial motions are due on or before **November 2, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 11, 2027**;

(6) the deadline for filing motions *in limine* is **January 25, 2027**, and responses to motions *in limine* are due on or before **February 1, 2027**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 26, 2027, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 29, 2027**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge